FILED BY ___ *DR* ___

Deputy Clerk

**May 17, 2016**

STEVEN M. LARIMORE
CLERK U.S. DISTRICT CT.
S.D. OF FLA. Fort Lauderdale

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF FLORIDA
### BROWARD DIVISION

**ALEX PIERRE**

      **Plaintiff,**

vs.

**CITY OF FT. LAUDERDALE, FLORIDA,**
**a municipal corporation, JAMES WELLS**
**and CHRISTOPHER SOUSA, in their**
**individual capacities,**

      **Defendants.**

_____/

**CIVIL ACTION CASE NO.:**

16-CV-61053-Williams/Simonton

**Jury Trial:** ☑ Yes ☐ No

### COMPLAINT

Plaintiff, ALEX PIERRE, by and through his attorney, the Law Offices of Rocco G. Marucci, P.A. hereby brings this action under 42 U.S.C. §1983 to redress his civil and legal rights and alleges as follows:

### PRELIMINARY STATEMENT

1.    This is a civil rights action in which the Plaintiff, ALEX PIERRE, seeks relief for the Defendants' violations of his rights secured by the Civil Rights Act of 1871, 42 U.S.C. §1983, by the United States Constitution, including its First, Fourth, and Fourteenth Amendments, and by the laws and constitution of the State of Florida. Plaintiff seeks compensatory and punitive damages, an award of costs, interest, and attorney's fees and such other and further relief as this Court deems just and proper.

### JURISDICTION AND VENUE

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred

upon this Court by 28 U.S.C. §§1331 and 1343, this being an action seeking redress for the violation of the Plaintiff's Constitutional and civil rights.

3.      Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to claims in this action within the original jurisdiction of this Court that they form part of the same case or controversy.

4.      Venue in this District is proper under 28 U.S.C. §1391 (b) and (c) in that Defendant City of Fort Lauderdale, is administratively located within the Southern District of Florida, and the events giving rise to this claim occurred within the boundaries of the Southern District of Florida.

## JURY TRIAL DEMAND

5.      Plaintiff demands a trial by jury on each and every one of his claims as pleaded herein.

## PARTIES

6.      At all times relevant to this action, Plaintiff Alex Pierre, was a resident of Broward County, Florida. Plaintiff is currently a resident of Broward County, Florida.

7.      Defendant City of Fort Lauderdale is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of Florida. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant City of Fort Lauderdale assumes the risks incidental to the maintenance of a police force and the employment of its police officers. Defendant City of Fort Lauderdale was at all times relevant hereto the public employer of Defendants Officer James Wells and Officer Christopher Sousa.

2

8.     Defendants James Wells and Officer Christopher Sousa were at all times relevant hereto duly appointed and acting officers, servants, employees and agents of the Fort Lauderdale Police Department, a municipal agency of Defendant City of Fort Lauderdale. At at all times relevant herein, the individual defendants were acting under color of the law, statutes, ordinances, regulations, policies, customs and/or usages of the State of Florida, City of Fort Lauderdale and the Fort Lauderdale Police Department, in the course and scope of their duties and functions as officers, agents, servants, and employees of Defendant City of Fort Lauderdale, were acting for, and on behalf of, and with the power and authority vested in them by the City of Fort Lauderdale, and the Fort Lauderdale Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful function in the course of their duties. Defendants are sued individually and in their official capacity.

9.     By the conduct, acts, and omissions complained of herein, Defendants James Wells and Christopher Sousa violated clearly established constitutional standards under the First, Fourth, and Fourteenth Amendments to the United States Constitution of which a reasonable police officer under the circumstances would have known.

<u>**NOTICE OF CLAIM**</u>

10.     Plaintiff timely filed a Notice of Claim with the City of Fort Lauderdale City Commission, the City Manager and the City Police Department, setting forth the facts underlying Plaintiff's claim against Officer James Wells, Christopher Sousa, and Defendant City of Fort Lauderdale.

11.     The City of Fort Lauderdale Claim Number is PP L 12-1091.

12.     The City of Fort Lauderdale responded and advised that would investigate and would notify upon completion.

3

13.    This action has been timely commenced and all conditions precedent to bringing this action have been complied with or have been waived.

## STATEMENT OF FACTS

14.    On May 18, 2012, Plaintiff Alex Pierre, was driving his vehicle in the area of 1500 NW 8th Avenue in a lawful manner when he was ordered to pull the vehicle over.

15.    At the time that he was ordered to pull over by the Defendant Police Officers' James Wells and Christopher Sousa, Defendant was not violating any traffic laws of the City of Fort Lauderdale or any State or County Traffic Laws.

16.    At the time that Plaintiffs vehicle was ordered to pull over, there was a passenger in the vehicle sitting in the front passenger seat.

17.    After being pulled over, one of the officers later identified as Christopher Sousa pulled Plaintiff from the vehicle and began striking Plaintiff with his fists. Plaintiff at no time resisted the officer and at no time struck the officer with his hands.

18.    When being hit by Officer Sousa, and then James Wells, Plaintiff fell to the ground and used his hands in an attempt to cover his face and head.

19.    As a result of the actions of Officer Christopher Sousa and James Well's Plaintiff sustained injuries to his head, face, and body.

20.    In order to justify the injuries sustained to the Plaintiff, Officer James Wells and Christopher Sousa then prepared a false incident report wherein they falsely alleged that Plaintiff committed traffic violations which justified the stopping of Plaintiff's vehicle and falsely alleged that the Plaintiff attempted to flee in the vehicle and that after being stopped that the Plaintiff resisted being arrested.

21.    Plaintiff never resisted Officer Sousa, and Officer Sousa violently attacked Plaintiff forcing him to the ground where he was struck multiple times by both Officer Sousa and Officer Wells resulting in injury to Plaintiff.

22.    Officers James Wells and Christopher Sousa then committed perjury by falsely swearing that the Plaintiff attempted to elude a police officer, committed Battery on James Wells and Christopher Sousa and that Plaintiff resisted James Wells when he attempted to arrest Plaintiff.

23.    At no time during the course of the incident described above, did Plaintiff pose a threat to the safety of Defendants or the public. Plaintiff was not engaged in any criminal activity, and was only stopped because he was African American and the actions of the officers were clearly racially motivated.

24.    The conduct of the Defendant Officers, in stopping Plaintiff's vehicle and subsequently assaulting Plaintiff by using force against him, was totally without probable cause, was excessive, and done maliciously, falsely and in bad faith.

25.    As a result of the events alleged herein, and due directly to the actions by the individual Defendants, Plaintiff Alex Pierre suffered and continues to suffer physical pain, emotional trauma, discomfort, humiliation, fear, anxiety, embarrassment, and more particularly, fear of the police among other things.

## CAUSES OF ACTION

## COUNT I: FALSE ARREST

26.    This is an action by the Plaintiff for damages, against the Defendants, James Wells and Christopher Sousa for false arrest.

27.    Plaintiff readopts and realleges paragraphs 1 through 25 as if fully set forth herein.

28.    Plaintiff is entitled to relief against each Defendant jointly and separately, in that on May 18, 2012 in Fort Lauderdale, Broward County, Florida, Defendant City of Fort Lauderdale through its employees, James Wells and Christopher Sousa intentionally and unlawfully arrested the Plaintiff without lawfully issued process of a court or officers and without the existence of probable cause.

29.    As a direct and proximate result of the Defendants wrongful, intentional, and unlawful acts, Plaintiff suffered bodily injury, emotional distress, mental anguish, loss of capacity for the enjoyment of life, and fear of the police.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and separately and for such further relief as this Court deems just and proper.

## COUNT II: EXCESSIVE FORCE

### DEPRIVATION OF RIGHTS UNDER THE FOURTH AND FOURTEENTH AMENDMENTS AND 42 U.S.C. §1983

30.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 of the Complaint as if fully set forth herein.

31.    The conduct and actions of the Defendants James Wells and Christopher Sousa acting in consent and under color of law, in authority, directing and/or causing Plaintiff to be beaten around the heard, face, and body by the Defendants, was excessive and unreasonable, was done intentionally, willfully, maliciously, with a reckless disregard for the natural and probable consequences of their acts, was done without lawful justification or reason, and was designated to and did cause specific and serious physical and emotional pain and suffering in violation of Plaintiff's rights as guaranteed under 42 U.S.C. §1983, and the Fourth and Fourteenth

Amendments to the United States Constitution, including the right to be free from an unauthorized arrest and seizure of his person and the right to be free from the use of excessive, unreasonable, and unjustified force.

32.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, and was otherwise damaged an injured.

WHEREFORE, Plaintiff demands judgment against the Defendant's jointly and severally and for such further relief as this Court deems just and proper.

## COUNT III: ASSAULT AND BATTERY

## COMMON LAW CLAIM

33.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

34.     By the conduct and actions described above, Defendants James Wells and Christopher Sousa inflicted the torts of assault and battery upon Plaintiff. The acts and conduct of the Defendants Wells and Sousa were the direct and proximate cause of injury and damage to Plaintiff and violated Plaintiff's statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

35.     Defendant Wells and Sousa's acts constituted an assault upon Plaintiff in that Defendants intentionally attempted to injure Plaintiff or commit a battery upon him, and further that Defendants' acts represented a grievous affront to Plaintiff.

36.     Defendants Wells and Sousa's acts constituted a battery upon Plaintiff in that the above described bodily contact was intentional, unauthorized, and grossly offensive in nature.

37.     The actions of Wells and Sousa were intentional, reckless, and unwarranted, and without any just cause or provocation, and Defendants Wells and Sousa knew, or should have

know, that their actions were without the consent of Plaintiff.

38.     The injuries sustained by Plaintiff were caused wholly and solely by reason of the conduct described, and Plaintiff did not contribute thereto.

39.     As a direct and proximate result of the foregoing, Plaintiff was subjected to great physical and emotional pain and humiliation, was deprived of his liberty, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment in his favor and against each of the Defendant jointly and severally for monetary damages for the injuries sustained by Plaintiff including, but not limited to, physical and emotional pain, humiliation, deprivation of his liberty, and such other relief as this Court deems just and proper.

## COUNT IV: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM

40.     Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

41.     Defendants Wells and Sousa's conduct in assaulting and battering Plaintiff, without provocation, was extreme, outrageous, and utterly intolerable in a civilized community; conduct which exceeds all reasonable bounds of decency.

42.     The conduct of Wells and Sousa's described above, was intended to and did cause severe emotional distress to Plaintiff.

43.     The conduct of Defendants Wells and Sousa was the direct and proximate cause of injury and damage to Plaintiff and violated his statuory and common law rights as guaranteed by the laws and constitution of the State of Florida.

44.     As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to

serious physical and emotional pain and suffering, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment in his favor and against each of the Defendants jointly and severally for monetary damages for the injuries sustained by Plaintiff including but not limited to physical and emotional pain, humiliation, deprivation of his liberty, and such other relief as this Court deems just and proper.

## COUNT V: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### COMMON LAW CLAIM

45.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

46.    Defendants Wells and Sousa's conduct in assaulting and battering Plaintiff, was careless and negligent as to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

47.    The acts and conduct of Defendants Wells and Sousa was the injury and damage to Plaintiff and violated his statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

48.    As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment in his favor and against each of the Defendants jointly and severally for monetary damages for the injuries sustained by Plaintiff including, but not limited to, physical and emotional pain, humiliation, deprivation of his liberty, and such other relief as this Court deems just and proper.

## COUNT VI: NEGLIGENCE

## COMMON LAW CLAIM

49.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

50.    Defendants Wells and Sousa while acting as agents and employees for Defendant City of Fort Lauderdale in their capacity as police officers for the City of Fort Lauderdale owed a duty to Plaintiff to perform their duties without the use of excessive force. Defendants Wells and Sousa's use of force upon Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily harm or injury to the Defendants Wells and Sousa or to others, constitutes negligence for which Defendants Wells and Sousa are individually liable.

51.    Defendants Wells and Sousa's use of force upon Plaintiff when Defendants Wells and Sousa had no lawful authority to arrest Plaintiff or to use force against Plaintiff constitutes negligence for which Defendants Wells and Sousa are individually liable.

52.    As a proximate result of Defendant Wells and Sousa's negligent use of excessive force, Plaintiff sustained physical and emotional pain and suffering and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands judgment in his favor and against each of the Defendants jointly and severally for monetary damages for the injuries sustained by Plaintiff including but not limited to physical and emotional pain, humiliation, deprivation of his liberty, and such other relief as this Court deems just and proper.

## COUNT VII: RESPONDENT SUPERIOR LIABLITY OF THE CITY OF FORT LAUDERDALE FOR STATE LAW VIOLATIONS

### COMMON LAW CLAIM

53.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

54.    The conduct of Defendants Wells and Sousa alleged herein occurred while they were on duty and in uniform, in and during the course and scope of their duties and functions as Fort Lauderdale Police Officers, and while they were acting as agents, officers, servants, and employees of Defendant City of Fort Lauderdale. As a result, Defendant City of Fort Lauderdale, Florida is liable to Plaintiff pursuant to the common law doctrine of respondeat superior.

## COUNT VIII: NEGLIGENT SUPERVISION, RETENTION, AND TRAINING

### COMMON LAW CLAIM

55.    Plaintiff re-alleges and incorporates by reference the allegations set forth in paragraphs 1-25 of the Complaint as if fully set forth herein.

56.    Defendant, City of Fort Lauderdale, negligently trained, retained, and supervised proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of Florida.

57.    As a result of the foregoing, Plaintiff was deprived of his liberty, was subjected to great physical and emotional pain and suffering, and was otherwise damaged and injured.

WHEREFORE, Plaintiff demands the following relief jointly and severally against all of the Defendants:

    a.    Compensatory damages in the amount to be determined by a jury;

    b.    Punitive damages in an amount to be determined by a jury;

    c.    The convening and empanelling of a jury to consider the merits of the claims

11

herein;

    d.     Costs and interest and attorney's fees;

    e.     Such other and further relief as this Court may deem just and proper.

Dated this 17th day of May 2016

ROCCO G. MARUCCI, P.A.
Attorney for Plaintiff
116 Southeast 6th Court
Fort Lauderdale, Florida 33301
Tel: (954) 764-7373
Email: maruccilawfirm@aol.com

By: /s/Rocco G. Marucci
    Rocco G. Marucci, Esq.
    Florida Bar No: 798400